IN THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)

Case No.:

Angela Manrique
      Plaintiff(s),

vs.

Wal-Mart Stores East, LP
      Defendant(s).

_____/

## **COMPLAINT**

COMES NOW, the Plaintiff Angela Manrique (hereinafter "Plaintiff"), and files this lawsuit against the Defendant Wal-Mart Stores East, LP ("Defendant"):

### **General Allegations Applicable to all Counts**

1.      This is an action within the jurisdiction of this Court as the amount in controversy exceeds $75,000.00 exclusive of interest, costs, and attorney's fees pursuant to 28 U.S. Code § 1332(a), and this action is between citizens of different States as

      a.   Defendant is a foreign corporation with its principal place of business in in ;

      b.   Plaintiff is a citizen of the State of Florida.

2.      Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S. Code § 1332(a).

3.      Venue is proper in the Southern District of Florida pursuant to 28 U.S. Code § 1391(b)(2), because the Southern District of Florida is where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

4.      Jurisdiction over Wal-Mart Stores East, LP is proper as Wal-Mart Stores East, LP transacts business and is registered to do business in the State of Florida pursuant to Florida Statutes § 48.193.

5.      At all times material Wal-Mart Stores East, LP operated, owned, controlled, leased, and maintained a commercial establishment operated as a store located at 4301 S University Drive in Broward County, Florida, which was open to the general public.

6.      At all times material Plaintiff was on the premises of said store for the purpose of conducting business and purchasing the store's goods and/or services and therefore had the status of a business invitee.

7.      All conditions precedent to this cause of action have been plead or waived.

8.      At no time was Plaintiff's injury caused by a transitory foreign substance on the Defendant's premises within the meaning of Florida Statutes Section 768.0755, nor does Plaintiff intend to assert any such claim.

## COUNT I

### (Negligence – Premises Liability)

9.      Plaintiff repeats and re-alleges paragraphs 1-8.

10.     At all times material Wal-Mart Stores East, LP was a possessor of the land where the store was located and held said store open to the public.

11.     At all times material Wal-Mart Stores East, LP, as the owner and operator of the subject premises owed Plaintiff, a business invitee the following duties of care to;

   a. exercise ordinary care in keeping the premises in a reasonably safe condition including but not limited to ensuring that all displays of merchandise were properly arranged and secured to prevent foreseeable injury to customers;

   b.  correct dangerous conditions of which Defendant knew or should reasonably have known, and

    c.   give timely notice of patent, latent and/or concealed perils which were known or should have been known to  Defendant, but that were not known to the Plaintiff;

    d.   to protect Plaintiff against unreasonable risk of physical harm, and

    e.   to exercise reasonable care in the performance of all duties and responsibilities undertaken gratuitously or for consideration;

    f.   Provide assistance to customers when given their physical condition and the surrounding circumstances it would be reasonable to do so;

12.    At all times material Wal-Mart Stores East, LP placed for sale various products in its store including boxes of toys which were stacked several feet high.

13.    At all times material these boxes of toys were in the exclusive control of Wal-Mart Stores East, LP.

14.    At all times material, Defendant knew or should have known;

    a.   that these boxes of toys were of such a size and weight that they could result in injury to customers if they were not secured properly, and arranged safely;

    b.   That customers such as the Plaintiff would be walking in between the shelves and if these boxes of toys were not secured properly they could fall and injure customers;

15.    At all times material, Wal-Mart Stores East, LP  breached these duties by engaging in the following negligent acts, modes of operation, and/or omissions:

    a.   failing to properly maintain its premises when it failed to properly secure and arrange displays of merchandise on its premises;

    b.   failing to abide by industry standards of reasonable care relating to maintaining a safe environment for customers on its premises, including policies and procedures relating the

proper and safe arrangement of store merchandise to prevent foreseeable injury to customers;

c.   failing to warn Plaintiff of dangerous conditions present on its premises when Defendant had actual or constructive knowledge that displays of large and heavy items such as large boxes of merchandise could collapse and fall on customers such as the Plaintiff resulting in injury.

16.   Plaintiff further alleges that Wal-Mart Stores East, LP was also negligent due to the fact that the display of merchandise which caused the Plaintiff's injury was under the exclusive control of the defendant; and  because the sudden collapse of the merchandise in Wal-Mart Stores East, LP's store was an occurrence that would not, in the ordinary course of events, have occurred without negligence on the part of Wal-Mart Stores East, LP who was in exclusive control of the store's premises and merchandise contained therein.[1]

17.   As a direct and proximate result of the foregoing negligent acts of Wal-Mart Stores East, LP, on or about April 17, 2020, Plaintiff was injured when a large box of toys which Defendant had permitted to be arranged in a dangerous and precarious manner suddenly collapsed and fell without warning, striking and injuring the Plaintiff.

18.   As a direct and proximate result and/or concurring cause of the negligence of Wal-Mart Stores East, LP as described above, the Plaintiff, suffered great bodily injury and resulting physical pain and suffering, inability to prove her claim due to loss and/or destruction of evidence, disability, disfigurement, suffering and disability, loss of the capacity for the enjoyment of life, expensive hospitalization, medical nursing care and treatment, loss of past earnings, loss of the ability to earn money

---

[1] *See Macclatchey v. HCA Health Servs. of Fla., Inc.*, 139 So. 3d 970, 972 (Fla. 4th DCA 2014); *Nodurft v. Servico Ctr. Assocs., Ltd.*, 884 So. 2d 395, 397 (Fla. 4th DCA 2004).

in the future, and aggravation of an existing condition.  The losses are permanent in nature, and the Plaintiff will suffer said losses in the future.

19.     Furthermore, the negligent acts of Defendant have combined and resulted in an indivisible harm to Plaintiff, including bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, mental anguish, expense of hospitalization, medical and nursing care treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

20.     The actions of the Defendant further caused a bodily injury, to the Plaintiff which resulted in an aggravation of an existing disease or physical defect and/or activation of a latent disease or physical defect, which condition cannot be said would have existed apart from the injury, and therefore Plaintiff is entitled for damages for the entire injury or condition suffered.

WHEREFORE, the Plaintiff, demands jury trial and judgment for damages against Wal-Mart Stores East, LP in excess of Fifteen Thousand ($75,000.00) Dollars, plus taxable costs and whatever other relief this Court deems just and proper.


Served with the Summons:


FLORIDA LEGAL, LLC
Attorneys for Plaintiff
12550 Biscayne Boulevard
Suite 405
North Miami, Florida 33181
(t) (305) 901-2209
(f) (786) 870-4030


/s/ Raymond R. Dieppa
Raymond R. Dieppa, Esq.
Florida Bar No. 27690
E-Mail: ray.dieppa@floridalegal.law